IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TRAVIS MOLLIVER, : | |
| Plaintiff : | |
| v. : | Case No. 3:22-cv-146-KAP |
| ABBIE TATE, WARDEN, BLAIR : | |
| COUNTY PRISON, *et al.*, : | |
| Defendants : | |

Memorandum Order

    Plaintiff Molliver is an inmate at S.C.I. Pine Grove, serving a 24-48 month aggregate sentence imposed by Judge Doyle on February 7, 2022, after an October 2021 jury trial in Commonwealth v. Molliver, CP-07-CR-483-2021 (C.P. Blair). While proceedings in that matter were pending, Molliver was detained at the Blair County Prison, although according to Molliver the direct cause of his detention between January 14, 2022 and February 1, 2022 was his failure to make bail on another matter before Magisterial District Judge Aigner. On January 29, 2022, there was an altercation between Molliver and one or more corrections officers. Molliver's version of events is set out in the Complaint he filed in this matter in September 2022, ECF no. 5, supplemented, ECF no. 9, amended, ECF no. 12. The Blair County District Attorney, not sharing Molliver's view of events, charged Molliver with aggravated assault and terroristic threats at Commonwealth v. Molliver, CP-07-CR-327-2022 (C.P. Blair). That prosecution is pending: Molliver had an interlocutory appeal at 1005 WDA 2022 before the Pennsylvania Superior Court from September 6, 2022 until the appeal was quashed on March 1, 2023.

    The defendants, Abbie Tate, the warden of the Prison, and Zachary Stitt, Nate Port, and Joshua Coudriet, three corrections officers there, have moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). ECF no. 20. Plaintiff has replied. ECF no. 23. Counsel for defendants has also moved to dismiss the Prison itself as a defendant because it often happens that there is uncertainty whether "Abbie Tate, Warden, Blair County Prison" is one defendant with a job description or two defendants. Here there is no uncertainty: the Prison (which is a building and would not be a proper defendant in any case) is not a defendant.

    Plaintiff has filed what he styled as a Declaration for Entry of Default, ECF no. 17, that the defendants move to strike, ECF no. 19. There is no need to strike the Declaration, which is an unsupported and incorrect assertion that defendants were in default when they still had more than a month to respond to the complaint. The Clerk did not and will not enter a default because the Declaration is inadequate to allow entry of default under Fed.R.Civ.P. 55(a). No default judgment was applied for under Fed.R.Civ.P. 55(b)(1) or

(2). The Clerk can terminate ECF no. 19 as moot.

Plaintiff also has filed a motion for appointment of counsel. ECF no. 24. It is denied. Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." No special circumstances appear here.

To state a claim against the moving defendants, Fed.R.Civ.P. 8(a) requires Molliver to set out in his complaint a short and plain statement containing sufficient factual matter that if accepted as true would state a legal claim that is plausible on its face. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the Supreme Court's words, plaintiff must allege enough facts in the complaint to "nudge" a claim "across the line from conceivable to plausible." *Id.*, 556 U.S. at 683, *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Additionally, because plaintiff is proceeding in forma pauperis and defendants are government employees, I have an independent duty to screen the complaint under the Prison Litigation Reform Act, which at 28 U.S.C.§ 1915A commands that:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2)    seeks monetary relief from a defendant who is immune from such relief.

This parallels the PLRA's requirements for litigants proceeding in forma pauperis, at 28 U.S.C.§ 1915(e)(2):

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

Whether a complaint is screened *sua sponte* under the PLRA or the defendants file a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the sufficiency of the complaint is judged by the same standard. *See* Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000). This

standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) This requires allegation of each defendant's personal involvement, either by describing the defendant's participation in the wrongful conduct or the defendant's actual knowledge of and acquiescence in the alleged wrongful conduct. *See* Chavarriaga v. New Jersey Department of Corrections, 806 F.3d 210, 222 (3d Cir. 2015).

Molliver sets out four claims: corrections officer Stitt used excessive force against him; corrections officer Port denied him due process by not affording him a "formal hearing" and grievance to Courts;" corrections officer Coudriet violated his rights by "not allowing me to file Complaint in my right to access Court;" and Warden Tate failed to protect Molliver "from further retaliative actions or provide a safe environment." Complaint at 5.

As Molliver explains in Attachments A and B to his Complaint, he had been housed on E-block, but on January 29, 2022 a nondefendant corrections officer told him to move to A-block. Molliver alleges that he questioned the officer about the move in a nondisruptive way when another nondefendant corrections officer intervened, grabbing Molliver by the arm. Molliver pulled away from that officer, an "all call" was announced, and other corrections officers, including defendant Stitt, arrived.

When Molliver was handcuffed and prone on the floor, defendant Stitt allegedly put his boot on the back of Molliver's neck and pushed Molliver's face into the floor. Shortly thereafter, corrections officers took Molliver to a shower area, where Stitt remained. Stitt allegedly grabbed Molliver by the throat, screamed that he would kill him if he ever touched another corrections officer, and punched him in the face. About an hour later, defendants Coudriet and Port escorted Molliver to a cell in the RHU. Coudriet and Port did not provide Molliver with the access to a phone that Molliver requested so he could call the Pennsylvania State Police. Molliver was found guilty of a misconduct on February 5, 2022, allegedly after proceedings in absentia and without a timely written misconduct having been provided to Molliver. Molliver alleges that the misconduct resulted in a 90-day sentence in the RHU. Molliver filed a grievance to the Warden on March 18, 2022, but his grievance went unanswered. Molliver was transferred to the state prison system on March 29, 2022, having spent two months in the RHU.

The complaint is adequate to state a claim against defendant Stitt for excessive use of force, *see* Kingsley v. Hendrickson, 576 U.S. 389, 402 (2015). There are no other viable claims. The Warden is not liable for Stitt's actions because to state a claim against her, Molliver must allege facts allowing the plausible inference that Stitt's action resulted from that some official policy of Tate's or were taking in accordance with a custom known to Tate to be so well-settled as to virtually constitute law. *See* Connick v. Thompson, 563

U.S. 51, 61 (2011); McTernan v. City of York, 564 F.3d 636, 657–58 (3d Cir.2009). She cannot be held liable solely because she employs a tortfeasor or on a *respondeat superior* theory. *See* Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Tate is also not liable to Molliver for an allegedly inadequate grievance process or her lack of response to Molliver. The adequacy of the Prison's grievance procedure is relevant to exhaustion of remedies, but Molliver has no federal right that the Prison have any grievance procedure.

The allegations that Port and Coudriet violated some right of Molliver's to access to court to complain about Stitt's actions boil down to allegations that they did not drop what they were doing and comply with Molliver's request to call the police on January 29, 2022. There are no allegations that this denied Molliver access to any form of relief, including by complaint in open court when he was sentenced by Judge Doyle the following week, or by complaint to this court.

The sanction imposed on Molliver by the program review committee and the procedural inadequacies alleged by Molliver in the process of imposing that sanction give him no federal claim. Because confinement in the RHU does not impose a "severe and atypical" worsening of the conditions of confinement already inherent in incarceration, unless it is prolonged for much longer than Molliver alleges it does not require a showing of cause or even a hearing. Sandin v. Conner, 515 U.S. 472, 484(1995) (thirty days in the RHU not severe and atypical). *See also* Torres v. Fauver, 292 F.3d 141, 151-52 (3d Cir.2002) (disciplinary detention for fifteen days and administrative segregation for 120 days did not implicate a protected liberty interest); Griffin v. Vaughn, 112 F.3d 703 (3d Cir.1997)(inmate placed in administrative segregation for 15 months without hearing deprived of no interest protected by Due Process Clause); Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir.2002)(seven months in disciplinary confinement did not implicate a liberty interest).

The pretrial schedule is as follows:

1. Defendant Stitt shall file an Answer. Motions, other than those mentioned in ¶2 and ¶3 below, shall be accompanied by a memorandum of law and responded to within twenty days.

2. Discovery shall be completed by July 31, 2023. Discovery motions should succinctly state the matter in dispute and need not be accompanied by any memorandum of law; discovery motions shall be responded to within five days. Absent order to the contrary, the filing of a motion to dismiss or motion to compel discovery shall not stay discovery.

3. Motions for summary judgment shall be filed on or before August 31, 2023. Motions shall be responded to by the opposing party within thirty days.

4. The dates for filing of pretrial statements and trial shall be scheduled after any dispositive motions have been decided.

5. If no summary judgment motions are filed, plaintiff's pretrial statement shall be filed on or before September 30, 2023, and defendant's pretrial statement shall be filed on or before October 31, 2023.

The Court of Appeals, in <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002) and similar cases, directs district courts to allow plaintiffs in civil rights cases leave to amend deficient complaints unless that amendment is "futile" or "inequitable." The problem with Molliver's complaint is not its failure to plead some subtle point of law or fact, it is that he assumes the existence of law that supports clearly pleaded but nonexistent claims. No further leave to amend is granted.

The Complaint is dismissed without leave to amend as to all defendants except Stitt. The motions at ECF no. 19, ECF no. 20, and ECF no. 24 are terminated as set out herein.

DATE: March 14, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

John T Molliver QN-7837
S.C.I. Pine Grove
189 Fyock Road
Indiana, PA 15701